IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MICHAEL STUART DAVIS | § | |
| | § | |
| V. | § | A-18-CV-1029-LY |
| | § | |
| TRAVELERS LLOYDS OF TEXAS | § | |
| INS. CO. and RICK LIMER | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Opposed Motion to Remand (Dkt. No. 4); and Defendants' Response (Dkt. No. 5). The District Judge referred the motions to the undersigned for report and recommendation pursuant to 28 U.S.C. §636(b)(1)(B), FED. R. CIV. P. 72, and Rule 1(d) of Appendix C of the Local Court Rules.

**I. GENERAL BACKGROUND**

Michael Stuart Davis filed this suit in the 261st District Court of Travis County, Texas. He alleges that he owned a Texas Residential Insurance Policy issued by Travelers, insuring his residence in Austin, Texas. When the property sustained water damage Davis filed a claim under the policy. Rick Limer was assigned by Travelers as the adjuster on the claim. Davis alleges that Limer conducted a substandard investigation and inspection, under-reported the damage to the property, and undervalued the damage he observed. Davis alleges that because of Limer's actions, his claim was wrongly denied by Travelers. Davis brings claims against Travelers for breach of contract, violations of the Texas Prompt Payment of Claims Act (TPPCA), claims under both Chapters 541 and 542 of the Texas Insurance Code, and breach of the duty of good faith and fair

dealing. He also brings various causes of action against Limer, including a claim under Chapter 541 of the Texas Insurance Code.

Travelers and Limer removed the case to this court based upon diversity, asserting that Limer, though a Texas citizen, is improperly joined. Davis now moves to remand, arguing that he has properly pled a claim against Limer, and Limer's citizenship should therefore be taken into account. Because the Court agrees that Limer was not improperly joined, complete diversity of citizenship is lacking and this case should therefore be remanded to state court.

## II. LEGAL STANDARD

The removal statutes are the starting point for analyzing any claim of improper joinder. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004), *cert. denied*, 544 U.S. 992 (2005). To remove a case based on diversity, the defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in § 1332 are satisfied, including the requirement of "complete" diversity of citizenship. *Id.* at 572. Complete diversity "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). A non-diverse defendant does not destroy diversity, however, when that defendant was "improperly or collusively joined to manufacture federal diversity jurisdiction." *Smallwood*, 385 F.3d at 572. The "heavy burden" to demonstrate that a party has been improperly joined is on the removing party. *Id.* at 574. The Fifth Circuit recognizes two avenues to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003); *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016).

Davis argues that in determining whether he has adequately pled a cause of action against Limer, the Court should employ the Texas "fair notice" standard and not the more stringent federal standard. However, in conducting the improper-joinder analysis, federal courts apply federal pleading standards. *Int'l Energy Ventures*, 818 F.3d at 208. Thus, federal courts conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. *Id.* "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.* This means that the Court will examine whether Davis has asserted facts—which the Court accepts as true—that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). In this context, courts "do not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff may do so." *Rodriguez v. Sabatino*, 120 F.3d 589, 591 (5th Cir. 1997). Moreover, "§ 1441's holistic approach to removal mandates that the existence of even a single valid cause of action against [defendant] . . . (despite the pleading of several unavailing claims) requires remand of the entire case to state court." *Gray v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004).

### III. ANALYSIS

Davis asserts several claims against Limer. He contends that Limer misrepresented the damages covered by the policy at issue, and misrepresented the costs required to repair the covered damage. Dkt. No. 1-1 at ¶ 41. He also contends that Limer engaged in conduct that constitutes unfair acts or practices in the business of insurance. *Id.* at ¶ 42. The Texas Insurance Code creates a private right of action to anyone who sustains actual damages caused by "a person" engaging in an act or practice defined in Chapter 541 to be an unfair act or practice of insurance. TEX. INS. CODE

3

In § 541.151. Chapter 541 identifies a number of actions as unfair acts or practices, including making misrepresentations of the scope of a policy, as well as a litany of "unfair settlement practices." TEX. INS. CODE §§ 541.051, 541.060. The definition of "person" includes "an *individual* . . . engaged in the business of insurance, *including an* agent, broker, *adjuster*, or life and health insurance counselor." *Id.* at § 541.002(2) (emphasis added). Thus, Chapter 541 of the Texas Insurance Code explicitly allows suit to be filed against an insurance adjuster based on a failure to properly settle a claim or engaging in a prohibited act or practice. On its face, Davis' petition appears to allege such a claim.

Travelers and Limer nevertheless argue that Davis' claim against Limer is predicated on the allegation that Limer improperly denied Davis' claim. They point out that because only Travelers was Davis' insurer, and thus only Travelers could have paid Davis' claim, it is impossible for Limer to have improperly denied the claim. Dkt. No. 5 at 3. To support this argument, the Defendants rely on a number of cases. *See Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 723 (N.D. Tex. 2014) (holding that insurance adjuster was improperly joined because TEX. INS. CODE § 541.060(a) applies only to insurers); *One Way Investments, Inc. v. Century Surety Company*, 2014 WL 6991277, at *4 (N.D. Tex. Dec. 11, 2014) (same); *Plascencia v. State Farm Lloyds*, 2014 WL 11474841, at *6-7 (N.D. Tex. Sept. 25, 2014) (same).

The cases Travelers relies on are only part of the story, however. As Judge Chestney noted recently,

> there is hardly consensus among the district courts in this Circuit as to the availability of a remedy against an adjuster with respect to all sections of Section 541.060. In fact, a survey of the case law reveals "many seemingly inconsistent cases both remanding and denying remand in cases involving claims against an insurer and an adjuster."

4

*Vasquez v. State Farm Lloyds*, 2018 WL 1899808 at *4 (W.D. Tex. Mar. 15, 2018) (citing *Fairway Leasing, LLC v. Nationwide Mutual Ins. Co.*, 2017 WL 7693373 at *2 (W.D. Tex. Oct. 4, 2017)). Indeed, a host of other cases have reached the opposite conclusion, and have held that an adjuster is subject to suit individually under the Texas Insurance Code. These cases have a much sounder footing in both the statute, and in the relevant, binding case law. In *Liberty Mutual Insurance Company v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486 (Tex. 1998), the Texas Supreme Court held that the very same statutory provisions at issue here allowed suit against individual "insurance company employees whose job duties call for them to engage in the business of insurance." And based on *Garrison*, the Fifth Circuit held that "Texas law clearly authorizes Article 21.21[1] actions against insurance adjusters in their individual capacities." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007). Since the Fifth Circuit's decision in *Gasch*, numerous district courts in this Circuit have held that an insurance adjuster is properly joined when the plaintiff sues him under Chapter 541, and alleges a distinct claim from the claim alleged against the insurance company defendant.[2]

---

[1] Article 21.21 was the predecessor to Chapter 541 of the Texas Insurance Code.

[2] *See, e.g., Fairway Leasing,* 2017 WL 7693373, at *4 (rejecting improper joinder argument finding plausible claim under § 541.060(a)(2)(A)); *Martinez v. Great Lakes Reinsurance*, 2016 WL 4371946 (W.D. Tex. Jan. 19, 2016) (adjuster could be liable under § 541.060(a)(7)); *Mehar Holdings, LLC v. Evantson Ins. Co.*, 2016 WL 5957681 (W.D. Tex. Oct. 14, 2016) (adjuster could be liable under § 541.060(a)(2) ); *Glidewell v. Safeco Ins. Co. of Ind.*, 2015 WL 4868483 (N.D. Tex. Aug. 13, 2015) (adjuster could be liable under §541.060(a)(1)); *J.Jacobs Hair Salon & Spa v. Travelers Casualty Ins. Co. of Am.*, 2014 WL 12489993 (W.D. Tex. May 22, 2014), adopted, 2014 WL 12489994 (W.D. Tex. June 10, 2014) (adjuster could be liable under §§ 541.060(a)(1) and (a)(2)); *Turner Club v. Acadia Insurance Co.,* 2017 WL 5235671, at *3-5 (W.D. Tex. May 16, 2017), adopted, 2017 WL 5505384 (W.D. Tex. Jun. 8, 2017) (collecting cases involving claims under Sections 541.060(a)(1), (a)(2), and (a)(7)); *Vasquez* 2018 WL 1899808; *also see Morales v. Allstate Fire and Casualty Ins. Co.*, 2018 WL 6599616 ( W.D. Tex. Dec. 17, 2018).

The Court believes this line of cases is better reasoned, more faithful to the language of Chapter 541 of the Texas Insurance Code, and more in line with the relevant Texas Supreme Court and Fifth Circuit decisions. Following the lead of these cases, the Court concludes that Limer, as an adjuster, is subject to suit under Chapter 541 of the Texas Insurance Code.

Travelers contends that even if Limer is subject to suit, Davis has failed to adequately plead a Chapter 541 claim against Limer, and thus he is not a proper defendant. This argument fails. As noted at the outset, Davis has made specific allegations that Limer both misrepresented facts to Davis, and committed one or more acts listed as unfair settlement practices by the statute. Dkt. No. 1-1 at ¶¶ 41-42. These allegations are sufficient to state a claim under Chapter 541. *See Edwards v. State Farm Lloyds*, 2017 WL 3480270, at *3 (N. D. Tex. Aug. 14, 2017); *Glidewell*, 2015 WL 4868483, at *4 (allegations of substandard investigation and failing to include, and undervaluing, damages stated claim that adjuster misrepresented "a material fact related to the coverage at issue" actionable under § 541.060(a)(1)); *J.Jacobs Hair Salon & Spa*, 2014 WL 12489993, at *3 ("Jacobs' allegation that Sullivan performed an outcome-oriented investigation and vastly underestimated the damage to Jacobs' property states a basis of liability against him under § 541.060(a)(2).").

Defendants also contend that Davis' allegations fail to meet the heightened pleading requirement of Rule 9(b), and this too supports removal. Under Rule 9(b), a claim that involves an allegation of fraud or mistake requires that the plaintiff "state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P (9)(B). Some trial courts have held that this standard applies to the types of claims Davis has asserted against Limer in this case. *See, e.g., Bige Inc. v. Penn-American Ins. Co.*, 2015 WL 5227726, at *4 (W.D. Tex. 2015) ("Texas district courts, however, consistently apply Rule 9(b)'s requirements to claims under the Texas Insurance Code and

DTPA."). But as the Fifth Circuit noted in *Gasch*, "there is no improper joinder if a [Rule 9] defense compels the same result for the resident and nonresident defendants." *Gasch*, 491 F.3d at 283-84. *See also, Fairway Leasing*, 2017 WL 7693373, at *4. Davis pleads that both Limer and Travelers made misrepresentations actionable under the Texas Insurance Code, which means the Rule 9(b) argument, if accepted, would compel the same result for each of the defendants. Accordingly, Traveler's Rule 9(b) argument likely "is more properly an attack on the merits of the claim, rather than an inquiry into the propriety of the joinder of the local party." *Gasch*, 491 F.3d at 284. Thus Rule 9(b) is inapplicable in this context.

Regardless, Davis' pleadings meet the Rule 9(b) standard, at least as to his Chapter 541 claim. "To plead fraud adequately, the plaintiff must 'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 551 (5th Cir. 2010). In his Original Petition, Davis alleges Limer "ma[de] specific misrepresentations . . . to include, but not limited to misrepresenting the scope of damages caused by the covered peril . . . the true cost of repairing all of the damages caused by the covered peril, such as damages to the structure;" and acted with "actual awareness" that he was misrepresenting the true scope and cost of repair in the estimate he prepared. Dkt. No. 1-1 at ¶ 41. The specific misrepresentations are identified as being contained within the estimate Davis prepared. This is adequate to meet Rule 9(b)'s standard.

## IV. RECOMMENDATION

Based upon the foregoing, the undersigned **RECOMMENDS** that the District Court **GRANT** Plaintiff's Opposed Motion to Remand (Dkt. No. 4) and **REMAND** this case to the 261st District Court of Travis County, Texas.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 30th day of April, 2019.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE